IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW DIVERSEY,

       **Plaintiff,**

v.                                               **No. 12-cv-0651 SMV/WDS**

DAVID SCHMIDLY, RICHARD HOLDER,
CHARLES FLEDDERMANN,
JAMES KOCH, RAYMOND SANCHEZ,[1]
MARTHA BEDARD, and
JACK FORTNER, all individually and in
their official capacities,

       **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Amended Motion to Dismiss Plaintiff's Amended Complaint . . . [Doc. 21] ("Motion"), filed on August 22, 2012.  Plaintiff, who is appearing pro se, responded on September 5, 2012.  Plaintiff's Response to Defendants' Amended Motion to Dismiss . . . [Doc. 22] ("Response").  Defendants replied on September 20, 2012.  Defendants' Reply to Plaintiff's Response . . . [Doc. 23] ("Reply").  The Court heard oral argument from the parties on October 9, 2012.  Clerk's Minutes [Doc. 27].

This is a claim for copyright infringement.  Am. Compl. [Doc. 18] at 1.  Plaintiff claims that Defendants infringed his copyright in a Ph.D. dissertation by placing the dissertation in Zimmerman Library at the University of New Mexico ("UNM") without his permission, and by

---

[1] This caption reflects the caption docketed by the Court Clerk in this case.  However, both the original Complaint [Doc. 1] and the Amended Complaint [Doc. 18] list Raymond Sanchez as a Defendant "individually" only.  Neither the Original, nor the Amended Complaint identifies him as being sued in his official capacity.

making an unauthorized copy of the dissertation.  *Id.* at 27–28; Response [Doc. 22] at 7.  A claim for copyright infringement must be filed within three years from the time the claim accrues. 17 U.S.C. § 507(b).  The issue before the Court is when Plaintiff's claim accrued.  In general, a claim accrues when the plaintiff knows or has reason to know of the existence and cause of the injury that is the basis of his action.  *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).  I find that Plaintiff knew or should have known of the alleged infringements more than three years before he filed suit.  His claims, therefore, are barred by the statute of limitations.

## I.     <u>Background</u>[2]

Plaintiff's claims arise from his Ph.D. dissertation in linguistics, which he began to draft while a Ph.D. candidate at UNM in 2004.  *See* Am. Compl. [Doc. 18] at 3.  He alleges that officials at UNM failed to assist him with his dissertation as required by UNM policy.  *Id.* at 3−25.  He alleges that the faculty failed to read his dissertation, failed to "carefully proofread" it, and failed to give him substantive feedback.  *Id.* at 9, 3–25.  Despite these failures, Plaintiff alleges that by 2007, UNM officials required him to submit to them a complete version of the dissertation.  *Id.* at 8.  He contends that the version he submitted was unfinished because it was produced with no substantive feedback and had not been proofread or peer-reviewed.  *Id.* at 8–9. As a result, he claims that his dissertation was unworthy of the Ph.D. degree that he was ultimately awarded.  *See id.* at 20–21.  In fact, he argues that the university committed academic fraud by awarding him the degree when the faculty and administration knew that the dissertation

---

[2] These facts are taken from the Amended Complaint [Doc. 18] in the light most favorable to Plaintiff.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (courts should take the well-pleaded factual allegations in the light most favorable to the plaintiff).

had not been peer-reviewed.  *See id.* at 25.  He believes that UNM awarded him the degree solely to cover up the faculty's failures to follow university policies and procedures regarding the granting of graduate degrees.  Audio Recording of Oral Argument held on Oct. 9, 2012, at 0:48−51.  However, these allegations of academic fraud are not before the Court.  They are the subject of a separate state court action.[3]  This case involves only Plaintiff's claims for copyright infringement.

Plaintiff alleges that on Jan. 8, 2008, he left one copy of his unfinished dissertation with UNM's dissertation coordinator, Doug Weintraub, who had agreed to proofread it.  Am. Compl. [Doc. 18] at 10, 14.  On January 17, 2008, Mr. Weintraub told Plaintiff that Defendant Fleddermann, the Acting Dean of Graduate Studies, had confiscated the dissertation and planned to "submit" it.  *Id.* at 6, 15.  That same week, Plaintiff was told by "administrators" from the Office of Graduate Studies and Zimmerman Library that the dissertation was being sent to a publishing company called ProQuest.  *Id.* at 16.  Significantly, on February 7, 2008, Defendant Holder wrote a letter to Plaintiff advising him that the dissertation had been deposited[4] in the Zimmerman Library.  *Id.* at 12, 17.  On February 20, 2008, a ProQuest representative told Plaintiff that ProQuest had a copy of the manuscript.  *Id.* at 18.  Two days later, Plaintiff was told by ProQuest that they would return the copy to the university.  *Id.*

Plaintiff alleges that, beginning in the summer of 2008, he diligently searched Zimmerman Library's online catalog, LIBROS, for "outward evidence" that his dissertation had

---

[3] Plaintiff filed a suit in state court—No. D-202-CV-2009-14715—against UNM for academic fraud and for breach of contract on December 14, 2009.  Am. Compl. [Doc. 18] at 25.

[4] According to Plaintiff, "depositing" the dissertation in the library "necessarily involve[d] cataloging and shelving it.  Response [Doc. 22] at 11.  That is, Plaintiff argues that "sending" the dissertation to the library amounted to making it available to the public and, therefore, constituted "distribution" under 17 U.S.C. § 106.  Audio Recording of Oral Argument held on Oct. 9, 2012, at 0:42.

been copied or placed in the library.  *Id.* at 23.  Finally, on June 16, 2009, Plaintiff found his dissertation in the LIBROS system.  *Id.* at 23.  Plaintiff characterizes this event as his having discovered "irrefutable evidence" that his copyright had been infringed.  *Id.*  The LIBROS system reflected that one copy of the dissertation was housed at Zimmerman Library and a second copy (presumably, the copy returned by ProQuest) was housed in the Center for Southwest Research.  *Id.*  Plaintiff registered his copyright in the dissertation on February 22, 2012.  Response [Doc. 22-4] at 2.

Plaintiff filed his complaint in this Court for copyright infringement on June 15, 2012.  Compl. [Doc. 1].  In his Amended Complaint, Plaintiff claims that "defendants" infringed his copyright by copying the dissertation without his permission and by "distributing" it when they placed it in the Zimmerman Library, thereby making it available to the public.[5]  Am. Compl. [Doc. 18] at 27.  Plaintiff seeks injunctive relief and damages.  *Id.* at 28–29.

## II.        The Motion-to-Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level."  *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

---

[5] At times, Plaintiff identifies three—not two—methods of alleged infringement:  distribution, copying, and "transfer of ownership."  *See* Audio Recording of Oral Argument held on Oct. 9, 2012, at 0:35.  However, Plaintiff has explained that the same factual allegations support the distribution and transfer-of-ownership claims.  *See id.*  Moreover, § 106 identifies "transfer of ownership" as a form of "distribution."  Therefore, Plaintiff actually asserts only two claims for infringement:  one based on unauthorized reproduction and one based on distribution.

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)); *accord Lee v. Rocky Mountain UFCW Unions & Emp'rs Trust Pension Plan*, No. 92-1308, 1993 U.S. App. LEXIS 30478, at *1 (10th Cir. Nov. 23, 1993) (unpublished) ("Because the critical dates appeared plainly on the face of [the] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.").

### III.    Statute of Limitations for Copyright-Infringement Claims

There is a three-year statute of limitations for copyright claims. 17 U.S.C. § 507(b).  The limitations period begins to run from the time the "claim accrue[s]."  *Id.*  The Tenth Circuit Court of Appeals has not ruled on when a copyright claim "accrues."  However, the court has long held that, generally, "[t]he statute of limitations [for federal causes of action] begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp.*, 15 F.3d at 969.  Sister courts in the districts of Oklahoma and Colorado have applied this rule to copyright infringement claims.  *See Cooper v. NCS Pearson, Inc.*, No. 10-cv-02840 PAB-CBS, 2012 U.S. Dist. LEXIS 21712, at *7 (D. Colo. Feb. 22, 2012) (unpublished); *MDM Grp. Assocs., Inc. v. ResortQuest Int'l, Inc.*, No. 06-cv-01518-PAB-KLM, 2009 U.S. Dist. LEXIS 82318, at *12 (D. Colo. Sept. 9, 2009) (unpublished); *Huebe v. Okla. Casting Co.*, No. CIV-06-306-D, 2009 U.S. Dist. LEXIS 91824, at *23 (W.D. Okla. Sept. 30, 2009) (unpublished).  Accordingly, I find that the three-year statute

of limitations began to run when Plaintiff knew or had reason to know of the unauthorized distribution and copying that support his infringement claims.

In their Motion to Dismiss, Defendants argue that by Plaintiff's own account, he knew or had reason to know that the dissertation had been deposited in the library on or prior to February 7, 2008; he knew because Defendant Holder's letter of that date expressly told him so.[6] Motion [Doc. 21] at 12 (citing Am. Compl [Doc. 18] at 17, ¶ 123).  Thus, Defendants argue that Plaintiff's claim accrued on February 7, 2008, giving him until February 7, 2011 in which to file an action for copyright infringement.  Because he did not file this action until June 15, 2012, Defendants argue that Plaintiff's claims are barred by the three-year statute of limitations.[7]

Plaintiff makes two arguments in response.   First, he asserts that his claim for infringement (by copying or by distribution) did not accrue until he had "proof" of the extra copy and the distribution. Response [Doc. 22] at 18.  Plaintiff insists that he did not have such proof until he discovered his dissertation in the LIBROS system.  Response [Doc. 22] at 19.  He asserts that, prior to finding the LIBROS entry, he did not have "verifiable evidence" of the copying and distribution.  Audio Recording of Oral Argument held on Oct. 9, 2012, at 0:37–38.  Essentially, he argues that Defendant Holder's letter was insufficient to put him on notice of the alleged infringement.   *Id.*   According to Plaintiff, "[i]t was humanly impossible to discover the

---

[6] The Amended Complaint does not specify when Plaintiff *received* Defendant Holder's letter, only that it was *dated* February 7, 2008.  [Doc. 18] at 17.  However, the date of receipt is of little consequence because it would not change the statute-of-limitations analysis, discussed *infra*, unless it were as late as June 16, 2009, more than 16 months after the letter was written.  Plaintiff makes no such allegation.  *See id.*

[7] The parties also dispute whether Plaintiff's factual allegations amount to copyright infringement by distribution.  "Distributing" a copyrighted work without the author's permission constitutes infringement.  *See* 17 U.S.C. § 106(3).  Plaintiff argues that depositing the dissertation in the library—and, thus, making it available to the public—constitutes "distribution" under § 106.  Response [Doc. 22] at 7.  Defendants disagree.  Motion [Doc. 21] at 8–10.  They argue that depositing the dissertation in the library does not constitute "distribution."  *Id.* The Court need not reach this issue because assuming *arguendo* that Plaintiff is correct, the claim nevertheless is barred by the statute of limitations.

infringement any sooner since there was no outward evidence or 'smoking gun' of the reproduction or distribution of Plaintiff's dissertation manuscript. And hearsay is not actionable." Response [Doc. 22] at 19.

Second, Plaintiff argues that the statute of limitations "has not yet begun to accrue" because the infringement by distribution was "ongoing." Response [Doc. 22] at 20. Plaintiff cites to Nimmer on Copyright for the proposition that any infringement occurring within the three years prior to filing the suit will not be barred by the statute of limitations, "even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." Response [Doc. 22] at 20 (citing 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.05[A] (Matthew Bender, Rev. Ed. 2012)). Plaintiff reasons that because the dissertation manuscript was available to the public at Zimmerman Library and the Center for Southwest Research through at least February 25, 2012, Response [Doc. 22-3] at 4, the infringement by distribution continued at least through that day, *see id.* [Doc. 22] at 20. He filed his suit on June 15, 2012. Because the dissertation was available at the library within the three-year period prior to the filing of his suit, Plaintiff argues that the statute of limitations does not bar his action.

The Court is not persuaded by Plaintiff's arguments. The statute of limitations began to run when Plaintiff knew or had reason to know of the existence and cause of the injury that is the basis of his action. *See Indus. Constructors Corp.*, 15 F.3d at 969 (explaining when statues of limitations accrue). According to Plaintiff's own account in his Amended Complaint, he knew or had reason to know of the distribution on February 7, 2008, Am. Compl. [Doc. 18] at 17, and of the unauthorized copying on February 20, 2008, *id.* at 18.

Defendant Holder's letter of February 7, 2008 placed Plaintiff on notice that the dissertation had been deposited in the library.  Plaintiff argues that the letter was insufficient to put him on notice of his injury because "hearsay is not actionable."  That argument is without merit for two reasons.   First, Defendant Holder's letter was not hearsay.   *See* Fed. R. Evid. 801(d)(2) (opposing party's statements are not hearsay).   Second, Plaintiff is under the misapprehension that the statute of limitations did not begin to run until he had received "proof" or "outward evidence" of the infringement.   He is mistaken.   There is no requirement that a plaintiff receive "proof" or "outward evidence" of a claim for the statute of limitations to be triggered.  The statute of limitations began to run when Plaintiff knew or should have known that he had a cause of action.  *Indus. Constructors Corp.*, 15 F.3d at 969.  Defendant Holder's letter was sufficient to place him on notice that he had a cause of action.  Because Plaintiff filed his Complaint more than three years after he received Defendant Holder's letter, Plaintiff's claim for infringement by distribution is barred by the statute of limitations.

Similarly, Plaintiff knew or had reason to know that an unauthorized copy of his dissertation had been made no later than February 20, 2008, the date on which the ProQuest representative advised him that ProQuest had a copy of the dissertation in its possession. Plaintiff argues that he did not realize that a copy had been made until June 16, 2009, when he discovered two copies available in the LIBROS system.  Audio Recording of Oral Argument held on Oct. 9, 2012, at 0:38–39.  However, Plaintiff's subjective realization is not the standard. Instead, the standard is when, objectively, Plaintiff had reason to know that an unauthorized copy had been made.  *See Indus. Constructors Corp.*, 15 F.3d at 969 (statute begins to run when one "has reason to know" of the basis of his claim).  According to the Amended Complaint, Plaintiff

provided only one copy of the dissertation to the Defendants, i.e., the copy he left with Mr. Weintraub. Am. Compl. [Doc. 18] at 14.   On February 7, 2008, Defendant Holder told Plaintiff that the dissertation had been deposited in the library.  *Id.* at 17.  Then, on February 20, 2008, Plaintiff was told by a ProQuest representative that it had a copy of the dissertation in its possession.  *Id.* at 18.   Thus, by February 20, 2008, Plaintiff had reason to know that an unauthorized copy had been made, i.e., the one that had been sent to ProQuest.  Plaintiff had until February 20, 2011, to sue for infringement based on the unauthorized copy.  He did not file his claim until June 15, 2012.  Therefore, his claim is barred by the statute of limitations.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Amended Motion to Dismiss Plaintiff's Amended Complaint . . . [Doc. 21] is **GRANTED**. Plaintiff's action is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**